# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT EARL JACKSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 17-CV-263-JHP-mjx ) |
| STATE OF OKLAHOMA, | ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

On May 10, 2017, Petitioner, a state inmate appearing pro se, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). On June 8, 2017, Petitioner filed a "motion to clarify" (Dkt. # 4). Petitioner has now paid the $5.00 filing fee (Dkt. # 6). For the reasons discussed below, the petition shall be dismissed without prejudice for lack of jurisdiction. Petitioner's "motion to clarify" shall be declared moot.

Petitioner is no stranger to this Court. In a prior habeas action, N.D. Okla. Case No. 04-CV-195-CVE-FHM, Petitioner challenged the validity of his convictions and sentences entered in Tulsa County District Court, Case No. CF-2000-1569. In that habeas case, the Court denied the petition, Petitioner appealed, and the Tenth Circuit denied a certificate of appealability and dismissed the appeal. Thereafter, Petitioner filed numerous post-judgment motions arguing that the Court erred in denying relief on claims related to the enhancement of his sentences. The focus of Petitioner's improper enhancement claims has been his allegation that, because one of his prior convictions, entered in Tulsa County District Court, Case No. CF-1995-4621, was vacated when the state district court granted post-conviction relief, his appellate counsel provided ineffective assistance in failing to challenge the enhancement of his current sentences with another conviction, entered in Tulsa

County District Court, Case No. CF-1995-4408.[1]  However, as noted by both this Court and the Tenth Circuit Court of Appeals, the conviction used for enhancement, Case No. CF-1995-4408, has not been vacated and is valid.  See N.D. Okla. Case No. 04-CV-195-CVE-FHM, Dkt. ## 47, 62. The vacated conviction, CF-1995-4621, was not used for enhancement of Petitioner's sentences in Case No. CF-2000-1569.  In addition, Petitioner has never challenged the validity of another conviction, entered in Tulsa County District Court, Case No. CF-1994-3960, also used to enhance his current sentences entered in Case No. CF-2000-1569.

The petition filed in this case is not a model of clarity.  Nonetheless, the petition shall be dismissed without prejudice for lack of jurisdiction.  Petitioner complains that the state courts have erred in failing to expunge his appellate records because, in Case No. CF-2000-1569, his jury assumed that "CF-95-4621 was a valid conviction" for enhancement purposes.  See Dkt. # 1 at 3. In support of this claim, Petitioner attaches orders entered by the Oklahoma Court of Criminal Appeals (OCCA) dismissing his motion for expungement and denying rehearing.  Id. at 7, 8.

For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). In Maleng v. Cook, 490 U.S. 488 (1989) (per curiam), the Supreme Court interpreted this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Id. at 490-91.

---

[1] The state district judge ordered Petitioner's sentence in Case No. CF-1995-4408 to be served concurrently with the sentence later vacated in CF-1995-4621.

Here, to the extent Petitioner brings a direct challenge to the vacated conviction entered in Case No. CF-1995-4621 by arguing that the state courts erred in failing to expunge his conviction entered in that case, see id. at 4 (alleging that Petitioner "is entitled to have 4621 expunged because it has been found by the District Court to be constitutionally void"), the petition shall be dismissed. Because Petitioner cannot be "in custody" pursuant to the vacated conviction, he cannot satisfy the "in custody" requirement of section 2254(a). Therefore, any direct challenge to the conviction entered in Case No. CF-1995-4621 is dismissed without prejudice for lack of jurisdiction.

To the extent Petitioner reasserts his claim that his sentences in Tulsa County District Court Case No. CF-2000-1569 were improperly enhanced with an invalid conviction, his claim has been thoroughly addressed by both this Court and the Tenth Circuit Court of Appeals in the prior habeas action filed in N.D. Okla. Case No. 04-CV-195-CVE-FHM. Because the Court has previously determined the legality of Petitioner's detention as to his convictions entered in Tulsa County District Court, Case No. CF-2000-1569, the petition filed in this case is a successive habeas petition as to those convictions and Petitioner was required to obtain authorization from the Tenth Circuit Court of Appeals before filing this petition. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Nothing suggests that Petitioner received authorization from the Tenth Circuit before filing his petition in this Court. See 28 U.S.C. § 2244(b)(3)(A).

The Tenth Circuit has stated that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). In this case, the Court finds it would not be in the interest of justice to transfer the

3

petition to the Tenth Circuit. Therefore, to the extent Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2000-1569, the petition shall be dismissed without prejudice for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition for lack of jurisdiction is debatable. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction.

2. Petitioner's "motion to clarify" (Dkt. # 4) is **declared moot**.

3. A certificate of appealability is **denied**.

4. This is a final order terminating this action.

5. A separate judgment shall be entered in favor of Respondent.

**DATED** this __11th__ day of July, 2017.

James H. Payne
United States District Judge
Northern District of Oklahoma